Hines, Geraldine S., J.
Introduction
Plaintiff Paul A. Gargano, individually, and Gar-gano & Associates, P.C. (“Gargano”), brought this action against defendant Christopher N. Hug (“Hug”) for defamation, slander; injurious falsehoods; and unfair competition in violation of G.L.c. 93A. Hug now moves, pursuant to G.L.c. 231, §59H, to dismiss all counts. Hug also seeks attorneys fees and costs in accordance with G.L.c. 231, §59H. For the reasons explained below, Hug’s motion to dismiss is ALLOWED.
BACKGROUND
In 2005, Hug sued Gargano for breach of contract, quantum meruit, fraud and deceit, unfair business act or practice in violation of G.L.c. 93A, conversion, and violation of G.L. 221, §50.[2] The action was brought after Hug’s client discharged him and subsequently hired Gargano to settle his workmen’s compensation claim, which settled three months later. This court found that Gargano “stonewalled” Hug, refusing to pay him from the $300,000 lump sum settlement, a case that Hug had worked on for over three years. See Hug v. Gargano, 76 Mass.App.Ct. 520, 523 (2010). Judgment was entered in favor of Hug for $77,852.58 after Gargano defaulted on the claims due to his failure to respond to multiple discoveiy requests. Id. at 526, n.8. On appeal, the Appeals Court upheld the Superior Court’s decision and calculation of damages.[3]
On April 9, 2010, Gargano brought this action against Hug. Gargano’s action is based on tortious statements allegedly made by Hug during the pen-dency of the prior litigation between the parties. Gar-gano alleges that Hug falsely represented to the court that Hug received a settlement valuation from Liberty Mutual, that Hug had not received Gargano’s answers to interrogatories, and that Hug certified these representations on the record to the Board of Bar Overseers (“BBO”). Hug now seeks dismissal, arguing that Gargano’s complaint is based solely on Hug’s prior petitioning activity.
DISCUSSION
A. Application of Section 59H
General Laws c. 231, §59H, more commonly known as the anti-SLAPP[4] statute, was enacted to frustrate lawsuits designed to dissuade the lawful exercise of citizens’ right to petition the government for redress of grievances. See Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002); Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 160 (1998). SLAPP suits are meritless suits brought to deter, intimidate or punish citizens who have exercised their “right to petition” with “any written or oral statement made ... to a judicial body . . . any written or oral statement made in connection with an issue under consideration or review by a . . . judicial body, or . . . any statement likely to encourage consideration or review of an issue by a . . . judicial body . . .” See G.L.c. 231, §59H.
Section 59H provides parties a protection, enabling them to bring a “special motion to dismiss” if the action against them is based on their “right of petition.” The courts interpret the statutory definition of a party’s “right to petition” broadly. See Office One, 437 Mass. at 122. However, §59H’s scope is limited. Parties must demonstrate that the claims against them are “based on their petitioning activity alone and have no substantial basis other than or in addition to the petitioning activities.” Duracraft, 427 Mass. at 167-68 (emphasis added). The movant must first show that the conduct complained of was made in the context of a governmental proceeding, or while seeking government review. Global NAPs, Inc. v. Verizon New England, Inc., 63 Mass.App.Ct. 600, 607 (2005). Second, the *427 purpose of the movant’s activity must be to seek redress from the government on his own behalf as a citizen. Kobrin v. Gastfriend, 443 Mass. 327, 331-40 (2005). Third, if some portion of the movant’s conduct does not fall within the definition of petitioning activity, then the action is not dismissed. Garabedian v. Westland, 59 Mass.App.Ct. 427, 432-33 (2003) (overturning Superior Court dismissal under §59H where plaintiffs neighbors’ opposition to his building project contained petitioning and non-petitioning activities). See also Ayasli v. Armstrong, 56 Mass.App.Ct. 740, 748 (2002).
B. Hug’s Burden
To meet the burden as set forth above, Hug must show that his testimony in the prior action against Gargano falls within §59H protection. Section 59H protects citizens, such as Hug, by dismissing claims arguably designed to chill the right to petition the government or agencies of the government. Gargano alleges defamation (counts 1 & 2), slander (counts 3 & 4), injurious falsehood (counts 5 & 6), and unfair competition in violation of G.L.c. 93A, §11 (counts 7 & 8). Hug has met his burden to show that the allegations against him derive from statements he made to influence the outcome of a government proceeding or to obtain review from a governmental entity. All of the statements complained of by Gargano arise from statements Hug made during the pendency of the prior litigation in this court and the Appeals Court.
Hug next argues that Gargano’s complaint alleges conduct that relates to his right to seek redress from the government. Hug’s petitioning activities were conducted for the purpose of redress from the government. Hug prevailed in his suit against Gargano. The alleged unlawful conduct for which Gargano is seeking damages is based entirely on factual issues that were resolved in the prior suit. Unlike Kobrin, where the defendant’s affidavit submitted to the Board of Registration of Medicine was solely based on the defendant’s contractual connection to them and not to seek redress, Gargano has not shown that Hug made analogous statements to the BBO. 443 Mass. at 327-28, 331-40.
Hug must also show that all complained of conduct constitutes petitioning activity. In Gargano’s Opposition, he argues that Hug’s testimony before the BBO was not petitioning activity.[5] This argument is unconvincing. There is no evidence that Hug voluntarily attended, or attended at all for that matter, the BBO proceedings and made false statements regarding Gargano. In the prior litigation, the court ordered: “Pursuant to S.J.C. Rule 3:09, Canon 3(D)(2), as appearing in 440 Mass. 1301, 1317 (2003), the clerk of the Appeals Court . . . forward [ed] a copy of th[e] [appellate] opinion to the Bar Counsel’s office of the Board of Bar Overseers.” Hug, 76 Mass.App.Ct. at 529. This was mandated by the court due to “disturbing” counts of legal malfeasance by Gargano, and cannot be construed as corollary, injurious statements apart from the prior litigation between the parties. See id. at 521. Unlike Garabedian, where the court held that the defendants’ harassing of the plaintiffs contractor and intrusive surveillance of the plaintiffs landfill project “lacked the characteristics of petition,” Hug’s activity is limited to petitioning activity carried out during the pendency of the prior litigation. 59 Mass.App.Ct. at 432.
Based on the court’s interpretation of “right to petition,” Hug reasonably has asserted that his prior written and/or oral statements made in the course of prior litigation are protected by §59H. Gargano’s allegations that Hug made tortious statements at a BBO hearing, apart from and unrelated to their prior litigation, lacks factual support. The statute shifts the burden to the non-movant once the movant has met his burden. Thus, Gargano must demonstrate why Hug’s special motion should not be allowed.
C. Gargano’s Burden
To survive this motion to dismiss, Gargano must show that Hug’s written and/or oral statements made in prior litigation: 1) “[were] devoid of any reasonable factual support or arguable basis in law”[;] and 2) caused him harm. G.L.c. 231, §59H. If Gargano fails to meet this burden, Hug’s motion must be granted. Duracraft, 427 Mass. at 162.
Gargano argues that Hug made tortious and misleading statements to this court, the Appeals Court and the BBO. There is absolutely no support for this contention. First, Hug had a right to pursue his share of an ex-client’s settlement in the courts of the Commonwealth. Hug prevailed in the Appeals Court, thus validating the factual and legal basis of his claims against Gargano. Gargano may have been displeased with the portrayal of his conduct but he has offered nothing to suggest that Hug engaged in subterfuge or fraud in winning his claims. Finally, even if Hug testified against Gargano at the BBO, this was not “non-petitioning” activity. The BBO proceeding was a direct result of Hug’s lawsuit and in response to the Court’s ruling.
ORDER
Based on the reasons set forth above, Defendant’s Special Motion to Dismiss is ALLOWED. The defendant, Christopher Hug, may submit an affidavit of attorneys fees for the purpose of assessing costs against the plaintiff, Paul A. Gargano.

Civil Action No. 05-1147.

See Hug v. Gargano, 76 Mass.App.Ct. 520 (2010).

S-L-A-P-P is an acronym for “strategic litigation against public participation.” G.L.c. 231, §59H.

Hug completely denies his participation in a Board of Bar Overseers action against Gargano. Gargano has not provided any support for this claim other than allegations.